G. W. WILLIAMS et al. v. J. R. JUSTICE et al.*

While an arbitrator in a submission, under a rule of Court, has a limited power to make amendments, it does not extend to the making of new parties and when such are made without the consent of all parties the award will be set aside.

This action was a creditor's bill, which was referred, at Fall Term, 1892, of the Superior Court of HAYWOOD County, by consent, to W. B. Ferguson, an attorney of the Court, as arbitrator.

The cause was heard at Spring Term, 1893, of said Court, before *Graves, J.* Upon the plaintiffs' motion ·to confirm the award and for judgment, the counsel for the defendants resisted the motion upon the ground that the arbitrator had no power to make E. P. Hyatt and F. T. Hyatt parties, he having objected at the time that it was allowed, and excepted thereto.

His Honor refused the plaintiffs' motion and set aside the award, from which ruling the plaintiffs appealed.

*Mr. J. M. Moody,* for plaintiffs (appellants).
*Mr. G. S. Ferguson,* for defendants.

*Per Curiam:* While an arbitrator in a submission, under a rule of Court, has a limited power to make amendments (Morse on Arb. and Award, 207) it does not extend to the making of new parties, and when such are made the award will be set aside, unless it appears that all parties consented. There are several defendants, and it appears that their attorney objected to the making of new parties. This, of course, must be taken as the objection of all of the defendants, and it is not insisted that more than one of them consented. As to this defendant (Chapman) he asked the Court, in his

*BURWELL, J., did not sit on the hearing of this case.

answer, to hold that there was no cause of action stated in the complaint against him, and prayed that, if the Court held otherwise, the Hyatts should be made parties plaintiff. The arbitrator, over the objection of all the defendants, made the new parties upon the ground that the said defendant Chapman had asked for such an order, but this was not binding on the other defendants, and it must follow that his Honor was correct in his ruling.                    Affirmed.